PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* GREGORIO SANTIAGO-CRUZ, Defendant and Appellant.

No. 2992. Argued January 21, 1927.—Decided April 26, 1927.

*Leopoldo Tormes* for the appellant.   *José E. Figueras* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

In the District Court of Ponce on the 22nd day of May, 1926, Gregorio Santiago Cruz was convicted of rape and sentenced to eight years in the penitentiary. His first assignment of error is frivolous, was waived and is lacking in foundation.

The indictment was found by a grand jury. The appellant complained that it was signed by Pedro Rodríguez Serra as *fiscal* of the judicial district of Ponce, when in point of fact the said Rodríguez Serra was not the *fiscal* of the court but the assistant *fiscal,* and that, as such assistant *fiscal,* he had no right to present an indictment to the grand jury, or to subscribe one.

Appellant seeks to distinguish the present case from *People* v. *Arzola,* 35 P.R.R. 670, because there the objection was made for the first time in this court.

As this supposed objection would have been an error of form and not of substance (*People* v. *Brau,* 27 P.R.R. 713, and *People* v. *Paris,* 25 P.R.R. 103, and citations), it should have been raised by motion before the trial. *People* v. *Paris, supra.* In this case the jury was actually sworn before the objection was raised. Counsel, as an officer of the court, should not, on a question of form, put the Government to the expense of summoning jurors and witnesses, but should duly raise it before the trial.

*People* v. *Arzola, supra,* was not decided solely on the ground that the matter was raised too late. The opinion is a complete answer to the contention of the appellant and its reasoning need not be repeated in its entirety.

The objection was in part that Pedro Rodríguez Serra had no authority to present an indictment to the grand jury or to sign one. There was nothing on the face of the indictment to show who presented the facts to the grand jury; it might have been by the *fiscal* himself.

The object of the signature of the *fiscal* to the indictment is to give verity to the existence of an indictment. We have the idea that the court might take other means to ascertain whether a true bill had been returned and that, even if an assistant *fiscal* was reduced to the category to which the appellant would place him, he could still certify to the indictment.

Furthermore, we are inclined to think that the filing by the secretary of a true bill was *prima facie* evidence of its existence and that the appellant, if any rights he had, should have asserted in some form that there was no such true bill.

Of his participation in the crime the defendant made admissions to the father of the complainant and to a policeman. The appellant complains of the admission of this testimony largely on the ground that the witnesses were allowed to mention other occurrences perhaps involving other crimes than the one charged. The evidence showed, however, that the admissions of the defendant, if they did not practi-

cally constitute some of the *res gestae,* were parts of a continued narrative made to bring forth all the defendant had said at the time he made the said admissions. This disposes of the second and third assignments of error.

These admissions were in themselves a corroboration of the complainant and we can not agree with the appellant that she was not corroborated. The court told the jury in effect that the complainant need not be corroborated completely, but it was enough if a detail was produced sufficient to connect the defendant with the crime. The defendant, besides, in objecting to the instruction, did not point out to the court specifically its defects. The proper attitude of the defense at the trial is not to obtain a new trial on supposed errors, but to secure an acquittal by having the court point cut to the jury the state of the law. This is not done by objecting generally to an instruction on the matter of corroboration. We find neither error nor prejudice.

In his 5th assignment of error the appellant complains of the refusal of the court in accordance with section 162 of the Law of Evidence, as follows: "* * * The testimony of an accomplice ought to be viewed with distrust, and the evidence of the oral admission of a party with caution * * *." We do not find that the written request was copied into the record. It sufficiently appears, however, that the defendant asked that the court instruct the jury that the admissions of the defendant were to be regarded with suspicion. The Law of Evidence, *supra,* does not say so, and under the facts of this case we find no prejudice in the failure of the court to tell the jury that the oral admissions of a party should be received with caution. Counsel should be specific, or show prejudice when they wish this court to reverse for supposed errors in the instructions.

There was direct and circumstantial evidence to show that the defendant used force against the complainant or threatened her. This disposes of the 6th assignment

There was sufficient evidence to go to the jury and the judgment should be affirmed.